UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN WASHINGTON                                           CIVIL ACTION

VERSUS                                                     NO. 25-1287

CAPTAIN GALLOWAY, ET AL.                                   SECTION "B" (5)

REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Brian Washington, against Captain Galloway, Lyft, Inc., State Farm, Andrea Albert, Stephen Eckholdt, the Galloway Law Firm, and St. Tammany Parish Jail. *See* ECF No. 3, Complaint. Washington is currently a pretrial detainee at the St. Tammany Parish Jail. In this complaint, he alleges retaliation in prison related to a civil lawsuit he filed in state court involving the Galloway Law Firm, and he claims that he was sexually abused. He requests monetary compensation and injunctive relief.

Federal law requires that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it is malicious. 28 U.S.C. §§ 1915A(a), 1915A(b)(1). Similarly, with respect to actions filed *in forma pauperis*, federal law also provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that… the action… is … malicious…." 28 U.S.C. § 1915(e)(2)(B)(i).

Repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal as malicious. *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)). The United States

Fifth Circuit Court of Appeals has made it clear that a duplicative complaint is malicious if it asserts claims previously asserted by the plaintiff in another lawsuit, either pending or resolved, even if it adds new or different defendants. *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 & n. 2 (5th Cir. 2013) ("A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.' "); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of successive complaint suing different defendants but repeating the same factual allegations asserted in earlier case).[1]

Here, court records refute Washington's false claim in his complaint that he has not begun other lawsuits in state or federal court dealing with the same facts involved in this action or relating to his imprisonment (ECF No. 3 at 8, Complaint Sect. C). The captioned complaint repeats the same allegations he made in a prior case against defendants, Captain Galloway, Andrea Albert, Galloway Law Firm and St. Tammany Parish Jail, although this new complaint names three additional defendants, Lyft, Inc., State Farm and Stephen Eckholdt (an attorney at the Galloway Law Firm, like Andrea Albert). *Washington v. Galloway, et al.*, Civ. Action No. 25-883 "T"(2) c/w 25-649 "T"(2). The lead case, Civil Action No. 25-649 "T"(2), is currently pending, along with consolidated member cases, Civ. Action Nos. 25-882 "T"(2); 25-883 "T"(2) and 25-1144 "T"(2), all filed in rapid succession by Washington and alleging similar claims involving the Galloway law firm and its attorneys, retaliation and sexual abuse.[2]   Therefore, Washington's claims in this lawsuit are subject to dismissal as

---

[1] An amended petition in Washington's pending litigation is optional, as the Fifth Circuit observed in *Lewis*. *Lewis*, 508 F.2d at 1021 n. 2 ("That the instant complaint names three different defendants does not change the result [because] Lewis may seek to amend his complaint in the first lawsuit, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, to name the three new defendants.")

[2] *Washington v. St. Tammany Parish Jail, et al.*, Civil Action 25-649 "T" (2) (ECF No. 1, Complaint; ECF Nos. 5, 11, 12).

malicious without prejudice to his pursuing the claims in his prior pending consolidated lawsuit.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Brian Washington's complaint be **DISMISSED** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is **FURTHER RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE** to their prosecution in Civil Action No. 25-649 "T"(2).[3]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this  30th  day of _____ July ____, 2025.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] In the event that the District Judge determines that the instant complaint should not be dismissed as malicious, the undersigned alternatively recommends that this action be transferred to Section T and Magistrate Division 2 pursuant to Local Rule 3.1.1 for handling and possible consolidation with Civil Action 25-649 "T"(2).

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.